IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DALE J. GENTRY,

                Petitioner,              OPINION AND ORDER

v.

                                              11-cv-120-wmc

DANIEL WESTFIELD, Warden,
Oakhill Correctional Institution,

                Respondent.[1]

---

State inmate Dale J. Gentry has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction in Taylor County Case No. 2001CF105. Gentry's sole claim is that he was prosecuted and punished for the same offense in successive proceedings in violation of the Double Jeopardy Clause. The respondent has filed an answer and both parties have submitted briefing on the petition. After considering all of the pleadings and the applicable law, the petition will now be dismissed because Gentry is not entitled to relief.

FACTS

In 2001, Gentry was charged with two counts of interfering with child custody in violation of Wis. Stat. § 948.31(3)(c). Those charges, which were lodged against him initially in Taylor County Case No. 2001CF16, stemmed from an incident that occurred on Sunday, February 11, 2001, when Gentry failed to return his two young sons to his

---

[1] The original petition names the superintendent of the McNaughton Correctional Center as respondent. Because Gentry is now in custody at the Oakhill Correctional Institution, the court substitutes Warden Daniel Westfield as the proper respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the U.S. District Courts.

ex-wife Jane following a regularly scheduled weekend visit. This failure constituted a violation of the modified judgment of divorce entered in Taylor County Case No. 1995FA5, which had previously awarded sole legal custody and primary physical placement of the couples' minor children to Jane. The following day, Gentry attempted to violate the judgment again by attempting to take his sons from school without permission.

In addition to the criminal charges for interfering with child custody, Jane requested a restraining order to enjoin Gentry from inflicting further abuse or emotional harm on their sons. *See* Taylor County Case Nos. 2001CV35 and 2001CV36. Those requests were granted and an injunction was entered against Gentry on April 26, 2001, enjoining him from having any contact with his children (other than under "supervised therapeutic conditions") through April 22, 2002.

On May 8, 2001, the family court found that Gentry's conduct on February 11, 2001 had indeed violated the modified judgment of divorce. *See* Taylor County Case No. 1995FA5. As a result, the family court entered an order of remedial contempt. Pursuant to that order, Gentry was arrested and committed to Taylor County Jail for 30 days. The order stipulated that Gentry could purge his contempt, however, if he paid a $25 service fee and committed no further violations for 90 days.

On October 1, 2001, the charges of interfering with child custody in Case No.

2

001CF16 were dismissed without prejudice.[2]  On October 4, 2001, however, those charges were re-filed in Case No. 2001CF105.

On February 12, 2002, Gentry pled guilty as charged in Case No. 2001CF105 to one count of interference with child custody.  Pursuant to the parties' plea agreement, Gentry also agreed to plead guilty to an amended count charging him with criminal contempt of court in violation of Wis. Stat. § 785.04(2)(a).  At sentencing, the circuit court imposed a two-year term of probation on the contempt charge, which was a misdemeanor.  The circuit court deferred entry of judgment on the charge of interference with child custody, subject to Gentry's compliance with the two-year term of probation received in connection with his criminal contempt conviction.

In March 2002, the family court found that Gentry had failed to comply with orders to pay child support and seek work.  As a result, the family court entered another order of remedial contempt against Gentry, pursuant to which he was arrested and committed to Taylor County Jail for three months unless he purged his contempt by paying $2,365.71.  *See* Taylor County Case No. 1999FA40.

Finding that the family court's order of remedial contempt violated the express terms of his probation in Case No. 2001CF105, the circuit court also revoked Gentry's deferred judgment and imposed a sentence of eight years' probation for the offense of interfering with child custody.  Under the terms of that judgment, Gentry agreed to serve

---

[2] Why the dismissal was entered is unclear, except that a witness apparently failed to appear at trial.

3

six months in jail as a condition of probation.[3]

This probation was also subsequently revoked. In May 2003, the circuit court sentenced Gentry to twelve years' imprisonment, consisting of initial confinement for six years followed by a six-year term of extended supervision. After Gentry was released from his term of initial confinement, his extended supervision was revoked as well. On October 15, 2008, the circuit court ordered Gentry to complete the remainder of his twelve-year sentence by serving a term of six years and seven days.

On September 30, 2009, Gentry filed a motion with the circuit court seeking post-conviction relief pursuant to Wis. Stat. § 974.06 from this latest sentence of imprisonment. In particular, Gentry argued that the remedial contempt orders entered by the family court and his punishment in separate, criminal proceedings for the same conduct violated the Fifth Amendment Double Jeopardy Clause. The circuit court summarily denied the motion as "conclusively meritless on its face."

Gentry challenged the circuit court's ruling on direct appeal. The Wisconsin Court of Appeals rejected Gentry's contention that his prison sentence violated the Double Jeopardy Clause, observing that the remedial contempt orders were civil sanctions for violating court orders and not punishment for the specific incident in which he failed

---

[3] On direct appeal, Gentry's appointed counsel filed a no-merit brief pursuant to Wis. Stat. § 809.32, concluding that there was no arguable basis for challenging the judgment or sentence imposed in Case No. 2001CF105. After reviewing a *pro se* submission from Gentry and conducting an independent review of the record as required by *Anders v. California*, 386 U.S. 738 (1967), the Wisconsin Court of Appeals agreed and summarily affirmed the conviction. *See State v. Gentry*, App. No. 2003AP1280 (Nov. 4, 2003) (unpublished). Gentry

4

to return his children:

> The Fifth Amendment of the United States Constitution and article I, § 8, of the Wisconsin Constitution protect a criminal defendant from being placed in jeopardy twice for the same offense. Gentry claims that the May 2001 remedial contempt order preceding his criminal conviction constituted punishment that precluded the subsequent criminal prosecution. The United States Supreme Court, however, has held that a criminal prosecution is not barred by double jeopardy simply because of the previous imposition of a civil sanction that was punitive or constituted a deterrent. *Hudson v. United States*, 522 U.S. 93, 104 (1997). Specifically, the court stated that "the Double Jeopardy Clause of the Fifth Amendment is not a bar to the later criminal prosecution because the administrative proceedings were civil, not criminal." *Id.,* 95-96. Ultimately, the record shows that Gentry was prosecuted, convicted and sentenced only once for the failure to return his children. With respect to the subsequent remedial contempt orders, none were imposed for failing to return his children but, rather for violating court orders. We therefore reject Gentry's double jeopardy claim.

*State v. Gentry*, App. No. 2009AP1733, slip op. at 3-4 (Nov. 16, 2010) (unpublished). On January 11, 2011, the Wisconsin Supreme Court denied Gentry's petition for review of his double jeopardy claim.

Gentry now seeks relief from his conviction for interference with child custody in Case No. 2001CF105 under 28 U.S.C. § 2254. Having been previously found in contempt for failure to comply with the family court's modified judgment of divorce by interfering with child custody in May 2001, Gentry again contends here that his subsequent criminal prosecution for interference with child custody before a state circuit court violates the Fifth Amendment Double Jeopardy Clause, which prohibits successive prosecution and punishment for the same conduct. The respondent argues that Gentry's

---

did not appeal further by filing a petition for review by the Wisconsin Supreme Court.

claim fails on the merits.

OPINION

**I. Habeas Corpus Standard of Review**

When reviewing a state court's decision, a federal habeas corpus court typically considers "the last reasoned opinion on the claim." *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991); *see also Woolley v. Rednour*, 702 F.3d 411, 421 (7th Cir. 2012) (noting that, unless a state court adopts or incorporates the reasoning of a prior opinion, 28 U.S.C. § 2254 requires federal courts to review one state decision) (citation omitted). Because the Wisconsin Court of Appeals addressed Gentry's claim on the merits, he is not entitled to relief unless he can show that its adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

The standard outlined in § 2254(d)(1) is exacting and highly deferential, *Burt v. Titlow*, — U.S. —, 2013 WL 5904117, *4 (2013), and demands that state courts be given "the benefit of the doubt." *Harrington v. Richter*, — U.S. —, 131 S. Ct. 770, 786 (2011). To prevail, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 786-87.

A state court's decision is deemed contrary to clearly established federal law if it reaches a legal conclusion in direct conflict with a prior decision of the Supreme Court or if it reaches a different conclusion than the Supreme Court based on materially

indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362, 404-08 (2000). A state court unreasonably applies clearly established precedent if it identifies the correct governing legal principle but unreasonably applies that principle to the facts of the case. *See Brown v. Payton*, 544 U.S. 133, 141 (2005). To meet this standard, the state court's application must be more than merely incorrect or erroneous; rather, it must be "objectively unreasonable." *Williams*, 529 U.S. at 409, 410-11. In other words, "the state court's application of clearly established federal law must have been both incorrect and unreasonable, 'that is, lying well outside the boundaries of permissible differences of opinion.'" *Goudy v. Basinger*, 604 F.3d 394, 399 (7th Cir. 2010) (quoting *Toliver v. McCaughtry*, 539 F.3d 766, 774 (7th Cir. 2008)).

Gentry does not rebut or otherwise dispute the state court's factual findings, meaning that those facts are "presumed to be correct" for purposes of habeas corpus review. 28 U.S.C. § 2254(e)(1). Instead, Gentry appears to contend that he is entitled to relief under § 2254(d)(1) because the state court unreasonably applied the Supreme Court's decision in *Hudson v. United States*, 522 U.S. 93 (1997) to the facts of his case. Therefore, this court need only determine whether the state court's application of the *Hudson* decision was so incorrect as to be objectively unreasonable. *See Williams*, 529 U.S. at 409.

**II. Double Jeopardy: Successive Prosecution and Punishment for the Same Acts**

The Double Jeopardy Clause of the Fifth Amendment, which was made applicable to the states through the Fourteenth Amendment in *Benton v. Maryland*, 395 U.S. 784,

7

794 (1969), provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. Historically, "[t]he constitutional prohibition against 'double jeopardy' was designed to protect an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense." *Green v. United States*, 355 U.S. 184, 187 (1957). The Supreme Court has also recognized that the Fifth Amendment Double Jeopardy Clause protects against successive prosecutions for the same offense after acquittal or conviction and against multiple punishments for the same offense in successive proceedings. *See, e.g., North Carolina v. Pearce*, 395 U.S. 711, 717 (1969).

In *Hudson*, the Supreme Court emphasized that "the [Double Jeopardy] Clause protects only against multiple *criminal* punishments for the same offense." 522 U.S. at 99 (emphasis in original) (citations omitted). Sanctions imposed in civil proceedings do not constitute criminal punishment regardless of the sanction's punitive intent or deterrent purpose. *Id.* at 104-05. Therefore, civil penalties pose "no obstacle" to a later criminal prosecution for the same conduct. *Id.* at 105. This is particularly true where the previous penalty at issue is a civil contempt sanction. *See, e.g., Brown v. Ohio*, 432 U.S. 161, 169 (1977) (the Double Jeopardy Clause is not implicated by a civil contempt sanction because, unlike a criminal contempt proceeding, a civil contempt proceeding does not constitute "jeopardy" within the meaning of that Clause); *United States v. Ryan*, 810 F.2d 650, 653 (7th Cir. 1987) (explaining that the imposition of civil and criminal contempt sanctions for the same conduct does not violate the Double Jeopardy Clause) (collecting cases).

The Wisconsin Court of Appeals noted that Gentry was found in civil or remedial contempt in May 2001 and sanctioned for failing to comply with the custody provisions found in the modified judgment of divorce. Under the terms of the remedial contempt order, Gentry was allowed to completely purge himself of contempt by paying a $25 service fee and obeying the divorce court's order for 90 days. (Dkt. # 12, Ex. A & B). Thereafter, Gentry was convicted in state circuit court of the criminal offense of interfering with child custody in violation of Wis. Stat. § 948.31(3)(c).

Gentry does not allege or otherwise show that the state court's decision was contrary to clearly established Supreme Court precedent or that its application of the rule in *Hudson* was objectively unreasonable under the facts of his case. Indeed, applying the reasoning in *Hudson*, the court of appeals correctly held that the remedial sanctions imposed in connection with Gentry's divorce and child custody proceeding did not bar his subsequent criminal prosecution for purposes of the Double Jeopardy Clause. Accordingly, this court must defer to the state court's decision and deny Gentry's petition for a writ of habeas corpus.

**III. Certificate of Appealability**

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that

matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted).

Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case because the question is not a close one. Because reasonable jurists would not debate whether a different result was required, no certificate of appealability will issue.

## ORDER

IT IS ORDERED that:

1. The petition filed by Dale J. Gentry for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (dkt. #1) is DENIED and this case is DISMISSED with prejudice.

2. A certificate of appealability is DENIED. If petitioner wishes he may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered this 30th day of January, 2014.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge